Filed 1/23/14  Marriage of Kosharek and Egorov CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

<table>
<tr><td>In re the Marriage of GILLIAN KOSHAREK and VLADIMIR EGOROV.<br><br>GILLIAN KOSHAREK,<br><br>      Respondent,<br><br>v.<br><br>VLADIMIR EGOROV,<br><br>      Appellant.</td><td>A137688<br><br>(San Mateo County<br>Super. Ct. No. FAM084145)</td></tr>
</table>

Appellant Vladimir Egorov argues the trial court erred in modifying a child custody and support order by temporarily reducing the share of child care attributed to him, and thereby increasing the amount of his child support.  Because Egorov has failed to provide an adequate appellate record from which we can evaluate his claim of error, we affirm the judgment.

## I.  BACKGROUND

The following account of the background of the appeal is based, in part, on statements in Egorov's opening brief and in part on the unauthenticated documents submitted as an appellate record.  We present this only for the purpose of explanation, since we cannot rely in deciding an appeal on matters that are not supported by properly admitted materials in the appellate record.

On November 8, 2011, respondent Gillian Kosharek filed an order to show cause for modification of the child custody and support order in the parties' marital dissolution

proceeding, arguing Egorov did not spend as much time with their two children as anticipated by the existing order. Egorov opposed the motion. Beginning in March 2012, prior to any ruling on Kosharek's request to modify the support order, Egorov spent eight weeks caring for his ill mother, during which he spent no time with the children. The family court's order, entered on January 4, 2013, was based on hearings held on August 10, and November 2, 2012, and adopted recommendations of family court services. For the period March 1, 2012 through August 31, 2012, the court found the couple's children spent 22 percent of their time with Egorov and based its support calculations on that finding. From September 1, 2012 forward, the court based its support calculations on the finding the children had spent (and would spend) equal time with both parents. Egorov claims the family court arrived at the figure of 22 percent for the period March 1 through August 31 by considering the time he spent with his mother, away from the children, and argues this was improper.

The appellate record in this matter consists of a series of 18 documents or, in nearly all instances, portions of documents, assembled as an appellant's appendix. To the extent any of the documents are pleadings, few captions have been included, and only the copy of the order from which Egorov has appealed bears a stamp showing it was filed with the court. Kosharek's order to show cause is not in the record, nor are the evidentiary materials submitted with it, other than, it appears, a declaration by Kosharek. There is no copy of Egorov's opposition, although it is possible some of the included documents are from his opposition. Other than the order appealed from, a complete copy of which does appear to have been included, the remaining documents are schedules and statements with no indication of their source. There are no transcripts of the proceedings before the family court.

## II. DISCUSSION

"It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) When no adequate record is provided, "the judgment must be affirmed. [Citation.] This is so because ' " '[a] judgment or order of the lower court is *presumed correct*. All

2

intendments and presumptions are indulged to support it on matters as to which the record is silent. . . .' [Citation.]" [Citations.]' [Citation.] 'The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court [erred].' " (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

By court rule, an appellant's appendix must contain all documents filed with the trial court and all introduced exhibits that are "necessary for proper consideration of the issues," including items "that the appellant should reasonably assume the respondent will rely on." (Cal. Rules of Court, rules 8.124(b)(1)(B), 8.122(b)(3).) In addition, the appellate record must contain a transcript of any relevant oral proceedings. (Cal. Rules of Court, rule 8.120(b).)

The appellate record in this matter does not comply with these rules and is wholly inadequate to permit us to evaluate the exercise of discretion reflected in the family court's award. Because the only filed-stamped document is the court's order, we have no way of knowing whether any of the documents in the appellant's appendix were actually before the family court. There is no copy of the request for an order to show cause for modification of child support, and the included declaration by Kosharek is labeled "Attachment 10," suggesting many other documents she submitted have been omitted. Egorov claims to have filed a declaration responsive to the order to show cause, but that declaration is not in the record. The remaining documents do not indicate whether they were submitted to the court, who submitted them, or in what connection they were submitted. In addition, we have no record of the oral testimony before the court, if any. As a result, the evidentiary record before the family court is wholly uncertain.

The docket sheet reveals that a family court services report was filed on August 2, 2012, with the adopted recommendations. Although a copy of the recommendations is included as an attachment to the court's order, the report explaining the recommendations is not in the record. Nor is there a record of the proceedings at the August 10, or November 2, 2012 hearings at which the court opened testimony and modified its prior orders. Accordingly, we have no way of determining the rationale of the court in making the modifications.

3

Decisions to award child custody and support are vested in the discretion of the family court.  We exercise great deference in reviewing them, reversing only if the family court's decision is " ' "arbitrary and capricious." ' "  (*In re Marriage of Lim & Carrasco* (2013) 214 Cal.App.4th 768, 774.)  Because we have no clear record of the evidence before the family court or the court's reasoning in arriving at the conclusions reflected in the order modifying the child custody and support order, we have no basis for evaluating the reasonableness of the court's exercise of discretion and must affirm its decision.

Egorov makes other claims about the conduct of the proceedings, but the record is similarly inadequate to permit an evaluation of those claims.

### III.  DISPOSITION

The judgment of the trial court is affirmed.

                                       _____

                                       Margulies, Acting P.J.

We concur:

_____

Dondero, J.

_____

Becton, J.*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.